Johnson, J.
In the first place,- the defendant moves to set aside the servicé of the' writ, on the ground, that when '¿•he copy was left at his house he was out of the-state at New- *90 York. The fact, that the defendant was out of the state at. the time, is not denied, and the evidence shows that his domicile was in the city of Charleston. His family resided there, and it is impossible to distinguish the case from that of Lark vs. Chappell, (1 M'Cord 566.) Laurens, the district in which the defendant in that case lived, is not a frontier district, and the case there put, of one living on or near the boundary-line of the state, is only used as illustrative; and for any thing that appears his visit to Georgia, might have required as much time as the present defendants to New-York. But independent of this authority, it appears to the court that the act of 1720, contemplated and intended to provide for the precise state of things existing in this case. The inconvenience incident to the necessity of a personal service, and the probable delay resulting to the plaintiff, suggested, no doubt, the provisions of the act. But, in its operation, it is not only calculated to give facilities to the plaintiff, but operates as a great convenience to the defendant; as it super-cedes the necessity of proceeding by attachment, which is always inconvenient and often injurious and oppressive to the defendant. The cases in which the aet authorizes the service of the writ, by leaving a copy at the dwelling house or most n'otorious residence or habitation of the defendant, are, where he absconds or absents himself so that he cannot be found, , without any limitation or specification as to lime or place. Now his absconding or absenting himself are the circumstances which authorize this mode of service; and, if warranted in a case where the defendant secretes himself about his @wn house or plantation and where it might be possible te find him, surely the reason would operate still more powerfully where he was out of the state and beyond the reach of the process. The case of Gadsden vs. Johnson, 1 Nott and M'Cord, 89, has been relied on in support of the motion, as containing the principle on which this case must be decided; but they are not analogous, nor does that case in any manner interfere with the case of Lark vs. Chappell. There the *91 defendant had abandoned his town residence when the copy was left there, and his country residence, to which he removed, had in the language of the act, become his dwelling house, and his most notorious place of residénce and habitation; and the true criterion is, whether the defendant' had or' had not abandoned the domicile at.which the copy was left. If he had, but one hour befoye, the service would have been bad; and if he had not, it would have, been good, wheresoever he might have been at the time. Arguments, db inconvem-«nii,.have been drawn from the circumstance that the defendant might, by this,mode of service,, be deprived of the right to defend the action; but it may be answered, that a prudent man ought not, and probably never would, leave his residence for any length of time, without leaving an agent instructed jin his unsettled affairs, and who would apprise him of any matters which might require his attention. But the'se evils are in a great degree imaginery; for by the practice of the court, the defendant would on showing the circumstances be allowed to. come in and plead at any time before judgment; and even after judgment, thecouf.t would, on merits shown, open the case and let the defendant into his defence if he had not an opportunity of coming in before.
On the motion in arrest of judgment the court concur generally with the presiding judge, for the reasons expressed by him. It is impossible, from the nature of things, that the record can so describe the locus in quo that a stranger would be able to identify it, with the-same certainty that he would the face of a friend. Certainty, to a common intent, is, therefore, all that can be practically required. • The objection, that the verdict contains another or further description than that contained in the record cannot avail the defendant; although the court concur with the counsel, that so far as it goes to describe the premises it is unavailing. By the default of the defendant, the plaintiff’s title in the premises, described in the record, was admitted; and the only question over which the *92 jury had any power was the quantum of damages.(a) Bui snp*> posing that the question of title was properly submitted to them, they could not travel out of the record to determine the title to a different locus- in quo. If that described in the verdict be the same mentioned in the record, it is well;, no injury has been done to the defendant; if it is not, it is irrelevant and surplusage, and will not impugn the verdict, so far as it appears to be the matters submitted to the jury~ It must stand, therefore, as a general verdict for the plaintiff.
The. ground taken that the plaintiff had not procured a survey of the premises, under a rule of court, cannot be sustained. The act which authorizes a survey to be made is not imperative, and certainly never was designed to be used when it was unnecessary. Either party may resort to it, when, for the want of other evidence of identity, it becomes neces-ary; but when they think proper to put their rights upon other evidence, it would be a strange construction to compel them to provide more than was necessary; for many cases occur particularly in tow ns and villages, where the identity can be otherwise as certainly and satisfactorily established. In this case there is another reason which would operate. The judgment by default was conclusive, as well to the locus in qua, as to the plaintiffs title. He was not therefore under the necessity of producing any evidence on the point; and to have required him to procure evidence, which there was no necessity to use, would be unreasonable:
Motion dismissed.
Hunt, for the motion.
Prioleau, contra.

.) ill the evidence that is necessary in such a case, where the plaintiff merely goes for his title and not for damages, is to take care that he prove damages enough to carry costs. So ruled by Judge Notf, sitting for Judge Huger, at nisiprius, in Lee vs. Sawyer, at Lexington, Nov. 1825.